UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL LEE EMBRY,

        Petitioner,                        Case No. 1:02-cv-361

v.                                           Hon. Wendell A. Miles

KURT JONES,

        Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Terrell Lee Embry, is in the custody of the Michigan Department of Corrections. Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus. On June 6, 2005, United States Magistrate Judge Ellen S. Carmody submitted a Report and Recommendation (Dkt #30), recommending that the Petition be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. #31). For the reasons that follow, the Court overrules Petitioner's objections, and adopts the Report and Recommendation of the Magistrate Judge.

### Discussion

When objections have been made to a magistrate judge's report and recommendation, the district court's standard of review is de novo. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

Petitioner was convicted of first-degree premeditated murder, discharging a firearm at a dwelling, and possession of a firearm in the commission of a felony. The evidence showed that Petitioner and two friends went to a party where Petitioner engaged in an argument with one of

the other fifty to sixty guests. The hostess asked Petitioner to leave. Petitioner and his friends left the party and drove to the home of Petitioner's sister, where Petitioner retrieved a gun. Petitioner directed his friends to drive back to the party. His friends attempted to dissuade him from returning to the party, or at the least, from taking the gun. Nonetheless, Petitioner went to the door of the apartment where the party was being held and fired several shots through the door. One of the shots killed a guest at the party. Petitioner left the apartment complex, directed his friends to drive back to his sister's home where he hid the gun. Petitioner instructed his friends to deny that the group had returned to the party that night. The following day, Petitioner threw the gun into a river.

Petitioner was sentenced to life imprisonment without parole. In his petition for habeas relief, Petitioner asserted two claims: (1) Petitioner's conviction for first-degree premeditated murder violated due process where the evidence was insufficient to support a verdict of guilty beyond a reasonable doubt, and (2) Petitioner was denied due process and a fair trial through prosecutorial misconduct. Under 28 U.S.C. § 2254, habeas relief shall not be granted unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding. 28 U.S.C. § 2254(d)(1), (2). The court may only find that a decision is "contrary to" Supreme Court law if a state court decides a case differently than the Supreme Court where there are materially indistinguishable facts, Williams v. Taylor, 529 U.S. 362, 405-06 (2000), or where a state court unreasonably applied the law if it correctly identified a legal rule, but unreasonably applied that rule to the facts. Id. at 409. The "unreasonable application" analysis

requires that the decision be objectively unreasonable, not simply erroneous or incorrect. Id. at 411.

Issue I.

Petitioner argues that the evidence did not support a finding of intent, premeditation and deliberation, three necessary elements of first-degree premeditated murder under Michigan law. The Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979), established the standard that a federal court will apply in a habeas proceeding when a petitioner claims he was convicted in a state court based upon insufficient evidence. Under Jackson, Petitioner is entitled to federal habeas corpus relief "if it is found that upon the record and evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

The Michigan Court of Appeals found the evidence was sufficient to support the jury's verdict. The magistrate judge thoroughly analyzed the law with regard to each of Petitioner's arguments on the issue of sufficiency of the evidence, and concluded the decision of the Michigan Court of Appeals was neither contrary to established federal law nor an unreasonable determination of the facts in light of the evidence presented. Petitioner's objection to the magistrate judge's conclusion merely states that the evidence established that Petitioner acted while in a highly emotional state and under the influence of alcohol and the "trial court record was bereft of evidence of intent, premeditation and deliberation . . . " (Dkt. # 31, p. 1). The court disagrees.

A rational trier of fact could find intent to kill where a defendant fired several shots through an apartment door knowing that at the time the apartment was occupied by many people.

Although the victim was not the guest that Petitioner had argued with earlier, the intent element is nonetheless satisfied. "It is only necessary that the state of mind exist, not that it be directed at a particular person." People v. Lawton, 90 Mich. App. 169, 172 (1992) (citing People v. Lovett, 90 Mich. App. 169 (1979)).   Citing People v. Gill, 43 Mich. App. 598, 604 (1972), Petitioner argues that it is not reasonable to infer intent to kill from the mere possession of a weapon. In Gill the defendant possessed a knife when he met the victim. The two became involved in an argument, which led to a physical fight and the fatal stabbing of the victim.  Petitioner, however, was not in possession of a weapon during the course of his argument.  He left the scene, deliberately armed himself, and returned to the scene.  Sufficient evidence supported the jury's finding of intent. There was also testimony that Petitioner was not so intoxicated as to be unable to possess specific intent to kill. Although there may have been contrary evidence, the reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses. Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

    "To premeditate is to think beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem" People v. Morrin, 31 Mich. App. 301, 329 (1971).  To find premeditation and deliberation there must be a lapse in time for a defendant to take a second look before acting. People v. Plummer, 229 Mich. App. 293, 301 (1998).  Petitioner left the party, went to his sister's home and retrieved a gun, and, despite his friends' protests about returning to the party with the gun, Petitioner proceeded back to the apartment where the party was being held.  He did not confront anyone at the party or become embroiled in a second argument, but rather immediately fired several shots through the door.  Thus, there was ample evidence for a rational trier of fact to conclude that this was not a spur of the moment killing that occurred

4

before Petitioner had the opportunity to reflect on his actions.

Issue II.

Petitioner contended he was denied due process and a fair trial due to prosecutorial misconduct. The Court of Appeals found the argument without merit. The magistrate judge found that the Court of Appeals decision was neither contrary to established federal law nor an unreasonable determination of the facts in light of the evidence presented. Initially Petitioner asserted three instances of prosecutorial misconduct but objects only on the basis that "the prosecutor's overreaching in closing argument infected the proceedings to the point of denying the Petitioner his due process right to a fair trial. (Dkt. # 31, p. 2). During closing argument the prosecutor stated:

> And [Petitioner] makes it significant that Lorna Lane couldn't pick the defendant out. Lorna Lane still lives next to the [Petitioner's sister}. I would submit to you that there's a reason maybe she shouldn't want to make an identification in the courtroom with the family sitting right there. A family that we know made threats, made a, there was a threat that [Petitioner's mother] made as Terry Hill walked off the stand when you walked out on a break that you heard about. And that was that people open their mouths too much, or they should keep their mouth shut, something along that line.

(Trial transcript, October 30, 1998, 83-84). On review of a claim of prosecutorial misconduct, "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process. Bates v. Bell, 402 F.3d 635, 640-41 (6th Cir. 2005) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986). "Even if the

5

prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." Id., citing Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003).  Reversal is required only if the prosecutor's conduct is "'so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant.'" Id., quoting Pritchett v. Pitcher, 117 F. 3d 959, 964 (6th Cir. 1997).

Here, the jury heard testimony regarding the statement by Petitioner's mother, as well as testimony that the two friends who had accompanied him the night of the party had been threatened by Petitioner's family. The prosecutor's remark was offered for the proper purpose of supporting an inference that a defense witness had reason not to be forthright in her testimony. In light of all the evidence heard by the jury, these remarks by the prosecutor during closing argument did not deny Petitioner a fair and impartial trial.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the file, and Petitioner's objections, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (Dkt. # 31), ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. # 30), and DENIES the Petition for Writ of Habeas Corpus (Dkt. # 1).

So ordered this 30th day of September, 2005.

 /s/ Robert Holmes Bell
Robert Holmes Bell
Chief United States District Judge
for:
Wendell A. Miles
Senior United States District Judge
